The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHERMAN BRONSINK and DAGMAR FRIESS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE, et al.,<br><br>Defendants. | Case No. 09-751 MJP<br><br>ORDER ON AMENDED MOTION TO COMPEL RE DOCUMENTS WITHHELD ON THE BASIS OF PRIVILEGE OR WORK PRODUCT |

This matter comes before the Court on Plaintiffs' amended motion to compel production of documents withheld on the basis of privilege or work product. (Dkt. No. 45.) The above-entitled Court having reviewed and received:

1. Plaintiffs' Amended Motion to Compel RE Documents Withheld on the Basis of Privilege or Work Product. (Dkt. No. 45.)

2. Defendants' Response to the Amended Motion to Compel RE Documents Withheld on the Basis of Privilege or Work Product. (Dkt. No. 57.)

3. Reply in Support of Amended Motion to Compel RE Documents Withheld on the Basis of Privilege or Work Product. (Dkt. No. 69.)

And all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that Plaintiffs' Motion is GRANTED.

ORDER ON AMENDED MOTION TO COMPEL - 1

**Background**

On June 9, 2008, Plaintiff Sherman Bronsink's ("Bronsink") commercial property burned. (Dkt. No. 45 at 1.) He filed an insurance claim under his homeowner's policy, held by Depositors. (Id.) Within two weeks Depositors had engaged its "Special Investigations Unit" to investigate. (Id. at 2.) The special investigator, Chris Gormley, contacted "panel attorney" Daniel Thenell on February 6, 2009. (Id. at 3.) Thenell agreed to assist with the claim. He also conducted Examinations Under Oath ("EUO") of Sherman Bronsink and his wife, Dagmar Friess, on March 26, 2009. (Id.) On April 9, 2009, Thenell sent a letter to Bronsink indicating that Depositors was continuing its investigation and that "no coverage determination has been made." (Id.)

On May 11, 2009, Bronsink commenced the litigation. (Id. at 4.) At that time, Michael Rogers of Reed McClure represented Depositors. (Id.) In the initial disclosure and answers to interrogatories, Depositors describes Thenell as an "attorney who assisted with claims investigation." (Dkt No. 45, Ex. C at 2, Ex. D at 4.) In response to requests for production, Depositors has withheld 91 documents from Thenell's file on the basis of attorney-client privilege or work product protection. Depositors has also withheld seven documents from the Depositors claim file on the basis of attorney-client privilege and work product, six of which were communications to or from Thenell. Bronsink now seeks production of all of these documents.

**Analysis**

In a diversity case, the court must apply state law to substantive issues and federal law to procedural issues. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). The attorney-client privilege is a substantive issue and must be interpreted using the law of the state. Lexington Ins.

ORDER ON AMENDED MOTION TO COMPEL - 2

Co. v. Swanson, 240 F.R.D. 662, 666 (W.D. Wash. 2007). Work product is procedural and governed by federal law. Id.

A.  Attorney-Client Privilege

Bronsink argues that the privilege does not apply to Thenell because he was acting in the role of a claims adjuster or investigator and was not necessary to the provision of legal advice. "A communication is not privileged simply because it is made by or to a person who happens to be a lawyer." Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 602 (8th Cir. 1977). Attorneys that act as claims adjusters or claims managers cannot later claim attorney-client privilege for that work. Mission Nat'l Ins. Co. v. Lilly, 112 F.R.D. 160, 163 (D. Minn. 1986); see also Schmidt v. Cal. State Auto. Ass'n, 127 F.R.D. 182, 183 (D. Nev. 1989); HSS Enter., LCC v. Amco Ins. Co., No. 06-1485, 2008 WL 163669, at *3 (W.D. Wash. Jan. 14, 2008).

Depositors argues that Thenell served as an attorney and states, "while [he] questioned plaintiffs at their examinations under oath and gave advice concerning the investigation, this does not make him an adjuster." (Dkt. No. 57 at 5-6.) The declarations of Thenell and Gormley state that Thenell did provide legal advice, but fail to provide detail. (Decls. Thenell ¶ 3, Gormley ¶ 6.) In the initial disclosures and the answers to interrogatories, Depositors describe Thenell as an "attorney who assisted with claims investigation." (Dkt No. 45, Ex. C at 2, Ex. D at 4.) The amended privilege log also fails to provide more specifics about Thenell's role in each of the documents and communications. (Rogers Decl. Ex. A.) Depositors offers no specific evidence of Thenell's role and Depositors' own characterization of Thenell is inconsistent.

A third party may claim attorney-client privilege if that third party is an agent of the attorney or the client and they are essential to the giving of legal advice. See State v. Aquino-

ORDER ON AMENDED MOTION TO COMPEL - 3

Cervantes, 88 Wn. App. 699, 707 (1997); State v. Gibson, 3 Wn. App. 596, 599 (1970); United States v. Kovel, 296 F.2d 918, 920 (2nd Cir. 1961). A party claiming the privilege has the burden to establish the privilege exists. Versuslaw, Inc. v. Stoel Rives, LLP, 127 Wn. App. 309, 332 (2005). "To meet this burden, a party must demonstrate that its documents adhere to the essential elements of the attorney-client privilege adopted by this court." In Re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th Cir. 1992). An attorney acting as a claims adjuster, and not as legal advisor, could still claim the privilege if that attorney was an agent necessary for the provision of legal advice. The record reflects that Thenell likely was an agent of Depositors or its attorney. However, even if Thenell served as an agent of the attorney or client, the record does not demonstrate that the withheld documents and communications were necessary for the provision of legal advice. Without some evidence to support these propositions, the withheld documents and communications cannot be protected by privilege. The declarations and privilege log do not adequately support that Thenell was necessary to the provision of legal advice such that the privilege would apply.

The Court orders Depositors to disclose documents withheld on the basis of attorney client privilege because Depositors has failed to demonstrate that the withheld documents and communications are privileged.

B.  Work Product

A party asserting work product privilege must show that the materials withheld are: (1) documents and tangible things; (2) prepared in anticipation of litigation; and (3) the materials were prepared by or for the party or attorney asserting the privilege. Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D. Cal. 2003). In the insurance context, materials prepared as part of

ORDER ON AMENDED MOTION TO COMPEL - 4

claims investigation are generally not considered work product due to the industry's need to investigate claims. Such materials are part of the ordinary course of business unless there is a sufficiently concrete connection between the investigation and potential litigation. Harper v. Auto-Owners Ins. Co., 138 F.R.D. 655, 659 (S.D. Ind. 1991); see Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Cos., 123 F.R.D. 198, 202 (M.D.N.C. 1988).

Normally an insurer has to deny the claim before a reasonable threat of litigation may arise. Id. "However, if the insurer argues it acted in anticipation of litigation before it formally denied the claim, it bears the burden of persuasion by presenting specific evidentiary proof of objective facts demonstrating a resolve to litigate." Id. (citing Binks Mfg. Co. v. Nat. Presto Indus. Inc., 709 F.2d 1109, 1119 (7th Cir. 1983)). Further, "even after a claim is denied, reports of investigations filed thereafter which contain prior investigations or evaluations, or are merely a continuation of the initial routine investigation, may not be labeled as work product." APL Corp. v. Aetna Cas. & Sur. Co., 91 F.R.D. 10, 14 (D. Md. 1980).

The only disputed element here is whether the materials were prepared in anticipation of litigation. Bronsink asserts that the withheld documents were produced in the ordinary course of business and not in anticipation of litigation. Depositors makes no showing that the withheld documents were prepared in anticipation of litigation. It fails to answer this threshold question and focuses instead on Bronsink's burden to show compelling need sufficient to overcome protection. But a plaintiff only bears that burden when a defendant has demonstrated the protection first applies. See Hickman v. Taylor, 329 U.S. 495, 511 (1947). With no specific evidentiary proof that demonstrates their resolve to litigate, Depositors has failed to show work product protection exists. Therefore, the documents withheld pursuant to work product are not protected and the Court orders Depositors to produce them.

## Conclusion

Plaintiff's motion is GRANTED. Depositors has failed to provide sufficient evidence supporting its claims of either attorney-client privilege or work product for the withheld documents. Depositors will produce the requested materials within seven days of this order.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this _4th_ day of March, 2010.

Marsha J. Pechman
United States District Judge